IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                          No. CR 10-3244 JB

JAMES CRAMBERG,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed January 17, 2012 (Doc. 41)("Sentencing Memorandum"). The Court held a sentencing hearing on February 3, 2012. The primary issues are: (i) whether Defendant James Cramberg's criminal history category substantially over-represents the seriousness of his criminal history and his likelihood to commit crimes in the future; (ii) whether Cramberg should receive a departure under U.S.S.G. § 5K2.13 for diminished capacity; and (iii) whether the Court should vary downward on Cramberg's sentence. The Court will deny the requests contained in the Sentencing Memorandum. Given Cramberg's significant criminal history, which includes several violent offenses, and his continued criminal activity into his thirties and forties, the Court does not believe that his criminal history category over-represents the seriousness of his criminal history or his likelihood to commit crimes in the future. Given that Cramberg voluntarily took drugs in a manner that led to his allegedly diminished capacity, the Court will deny his request for a downward departure under U.S.S.G. § 5K2.13. Because the Court believes that a sentence at the low end of the advisory guideline range is appropriate, the Court will not vary downward on Cramberg's sentence.

**FACTUAL BACKGROUND**

Cramberg was born on May 26, 1969 and is now forty-three years old. Based on an event that occurred on December 28, 1994, Cramberg eventually received four convictions, including a misdemeanor assault conviction, a felony conviction for aggravated assault with a deadly weapon, a misdemeanor battery conviction, and a felony false imprisonment conviction. See Presentence Investigation Report ¶ 36, at 7-8, disclosed November 22, 2011 ("PSR"). In 1999, Cramberg pled guilty to a felony charge of aggravated assault against a household member. See PSR ¶ 33, at 8. In 2001, Cramberg pled guilty to three counts of felony possession of a controlled substance involving heroin. See PSR ¶ 34, at 9. In 2001, Cramberg pled guilty to eight counts arising out of a vehicle stop, including a felony count for possession of methamphetamine and a misdemeanor count of resisting arrest. See PSR ¶ 35, at 10. In 2011, Cramberg pled guilty to a misdemeanor count of concealing identity. See PSR ¶ 36, at 10. In terms of charges for which Cramberg never received a conviction, Cramberg was charged with criminal trespassing in 2000, but the charges were ultimately dismissed. See PSR ¶ 39, at 12. In 2007, Cramberg was charged with unlawful taking of a vehicle and possession of a firearm by a felon, but the charges were ultimately dismissed. See PSR ¶ 41, at 12. In 2009, Cramberg was charged with receiving and transferring a stolen vehicle as well as felon in possession of a firearm, but the charges were ultimately dismissed. See PSR ¶ 44, at 13. In 2010, Cramberg was charged with aggravated fleeing from a law enforcement officer, but the charges were ultimately dismissed. See PSR ¶ 46, at 14.

"On November 4, 2010, two detectives" from the Albuquerque Police Department ("APD") "were on patrol in an unmarked police vehicle." PSR ¶ 8, at 4. The officers "observed a white sport-utility vehicle parked outside an apartment complex in northeast Albuquerque," New Mexico. PSR ¶ 8, at 4. The officers saw what appeared to be a drug transaction. See PSR ¶ 10, at 4. When

the officers approached the vehicle, "Cramberg attempted to start the ignition of the sport-utility vehicle." PSR ¶ 10, at 4. "The driver's side door was ajar and an APD detective further opened the door." PSR ¶ 10, at 4. "Cramberg reached toward the floor of the sport-utility vehicle and retrieved a handgun." PSR ¶ 10, at 4. Officers ordered Cramberg to surrender the gun, and Cramberg then attempted to flee on foot after relinquishing the handgun. See PSR ¶¶ 10-11, at 4. "The detectives pursued Cramberg through the parking lot and grabbed his shirt, pushed him onto the trunk of a parked vehicle, where he was arrested." PSR ¶ 11, at 4. One of the individuals with Cramberg had methamphetamine in her possession. See PSR ¶ 13, at 5. Cramberg admitted to using methamphetamine before his arrest. See PSR ¶ 70, at 19.

Since the age of roughly fifteen, Cramberg has experimented with various drugs, including cocaine, methamphetamine, hallucinogens, and alcohol. See PSR ¶¶ 65-73, at 19-20. According to Cramberg, "he was diagnosed with ADHD during 2001 while incarcerated at the Central New Mexico Correctional Facility." PSR ¶ 63, at 18. The PSR relates that "attention deficit hyperactivity disorder is characterized by inattentiveness, over-activity, impulsivity, or a combination" of these symptoms. PSR ¶ 63, at 18. The United States Probation Office ("USPO") represents that, during Cramberg's interview, "[i]t appeared his thoughts were organized, he was able to answer all questions coherently," and "was able to articulate his answers clearly." PSR ¶ 64, at 19.

## PROCEDURAL BACKGROUND

Cramberg, pursuant to a Plea Agreement, filed October 17, 2011 (Doc. 37), pled guilty to the Indictment, filed December 1, 2010 (Doc. 3), charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being felon in possession of a firearm and ammunition. The parties agree to a 3-level reduction on Cramberg's offense level "so long as the Defendant continues to

accept responsibility for the Defendant's criminal conduct." Plea Agreement ¶ 9, at 4. Plaintiff United States of America stipulates that it will "recommend the low end of the imprisonment range of the appropriate sentencing guideline." Plea Agreement ¶ 9, at 5. Cramberg agrees to waive his right to appeal his "conviction and any sentence and fine within or below the applicable advisory guideline range as determined by the Court." Plea Agreement at 6.

The USPO disclosed a PSR for Cramberg on November 22, 2011. In the PSR, the USPO calculates Cramberg's total offense level to be 23. See PSR ¶ 30, at 7. The PSR applies a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2). See PSR ¶ 23, at 6. The PSR includes a 2-level upward adjustment under U.S.S.G. § 2K2.1(b)(4)(a), because the firearm in Cramberg's possession was stolen. See PSR ¶ 24, at 7. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1, based on Cramberg's acceptance of responsibility. See PSR ¶ 29, at 7. The PSR lists his criminal history category as IV, based on 7 criminal history points. See PSR ¶ 37, at 11. The PSR calculates that an offense level of 23 and a criminal history category of IV results in a guideline imprisonment range of 70 to 87 months. See PSR ¶ 85, at 21.

On January 17, 2012, Cramberg filed his Sentencing Memorandum. He requests that the Court sentence him to a term of 37-months imprisonment. See Sentencing Memorandum at 1. Cramberg argues that "his criminal history category over-represents the seriousness of his prior criminal conduct or the likelihood that he will commit crimes in the future." Sentencing Memorandum at 2. He contends that many of his offenses are "a series of minor offenses close in time." Sentencing Memorandum at 9. He asserts that "only one of" his "previous criminal convictions involved an act of violence and most involved simple possession of drugs." Sentencing Memorandum at 9. Thus, he asks the Court to depart downward on his criminal history category under U.S.S.G. § 4A1.3(b)(1). See Sentencing Memorandum at 9. Cramberg argues that his

addiction to methamphetamine counsels in favor of a downward departure under U.S.S.G. §§ 5K2.13 or 5K2.22(3), or alternatively for a downward variance. See Sentencing Memorandum at 7-9.

On January 27, 2012, the United States filed its United States' Response to Defendant's Sentencing Memorandum. See Doc. 43 ("Response"). The United States asserts that Cramberg is ineligible for a departure under U.S.S.G. § 5K2.22, because he has pled guilty to being a felon in possession of a firearm. See Response at 2 n.1. The United States recounts Cramberg's criminal history, which it characterizes as extensive and part of his "life of crime." Response at 3-9. The United States requests a sentence of 70-months imprisonment. See Response at 10. The United States asserts that a departure under U.S.S.G. § 5K2.13 for diminished capacity is not appropriate, because Cramberg voluntarily took methamphetamine. See Response at 11.

On January 30, 2012, the USPO filed an Addendum to the Presentence Report to address Cramberg's requests for departures. The USPO concludes that a departure under U.S.S.G. § 4A1.3 for over-representation of criminal history is not appropriate in light of the high number of convictions and arrests Cramberg has. See Addendum to PSR at 1-2. The USPO also notes that Cramberg's criminal activity spans sixteen years and includes several violent offenses. See Addendum to PSR at 1-2. The USPO asserts that a departure under U.S.S.G. § 5K2.13 for diminished capacity is not appropriate given that the offense involved a serious threat of violence. See Addendum to PSR at 3. The USPO states that U.S.S.G. § 5K2.22 does not apply, because Cramberg's offense does not fall within the offenses for which a departure under U.S.S.G. § 5K2.22 is permissible. See Addendum to PSR at 4.

On February 3, 2012, the Court received a variety of letters in support of Cramberg. See Doc. 45. For instance, Cramberg's son sent in a letter on Cramberg's behalf asking the Court to

consider the effect Cramberg's sentence will have on the son. See Letter from Michael J. Cramberg to the Court at 1 (not dated), filed February 3, 2012 (Doc. 45). Josephine Gurule-Kelly, an acquaintance of Cramberg, noted that, "since he was 10 years old," Cramberg "has always been a good boy and has had a good family life." Letter from Josephine Gurule-Kelly to the Court at 3 (dated October 30, 2011), filed February 3, 2012 (Doc. 45). Barbara M.A. Smith, a staff member at the Valencia County Detention Center, wrote a letter to Cramberg detailing that he was a model inmate while in the custody of the Valencia County Detention Center. See Letter from Barbara M.A. Smith to James Cramberg at 7 (dated October 19, 2011), filed February 3, 2012 (Doc. 45). Rosemary Saiz, Cramberg's mother, related that Cramberg "is not a bad person just a person who picked the wrong way but I feel who has come to realized [sic] that he must do better and change his life around." Letter from Rosemary Saiz to the Court at 10 (dated October 28, 2011), filed February 3, 2012 (Doc. 45).[1]

At the sentencing hearing on February 3, 2012, Cramberg conceded that he has "several additional arrests that did not result in convictions" which were not included in his criminal history calculation. Transcript of Hearing at 7:25-8:4 (taken February 3, 2012)(Pori)("Tr."). He asserted that many of his convictions have resulted from his methamphetamine addiction and that he has a low chance of recidivism in the future. See Tr. at 8:11-24 (Pori). The United States emphasized that Cramberg has a conviction for aggravated assault against a household member for which he received

---

[1]Following Cramberg's sentencing, the Court continued to receive various letters on Cramberg's behalf. See Letters from James Cramberg to the Court, filed February 6, 2012 (Doc. 48); Letter from James Cramberg to the Court (not dated), filed February 8, 2012 (Doc. 49); Letter from Christian Cramberg to the Court (not dated), filed February 10, 2012 (Doc. 50); Letter from Ricardo Escobar to the Court (not dated), filed February 10, 2012 (Doc. 51); Letter from Darlene Barela to the Court (not dated), filed February 22, 2012 (Doc. 52); Letter from Jennifer Christensen to the Court (not dated), filed February 23, 2012 (Doc. 53).

no criminal history points. See Tr. at 10:12-16 (Valencia). It noted that Cramberg has several other misdemeanor convictions that were not included in his criminal history calculation. See Tr. at 10:23-11:3 (Valencia). The Court denied the request for a downward departure based on Cramberg's criminal history category substantially over-representing his criminal history. See Tr. at 11:9-12:18 (Court). Cramberg conceded that departures on the basis of drug abuse and diminished capacity are relatively rare. See Tr. at 12:25-13:12 (Pori). He argued that the Court may still consider his drug addiction and attention-deficit-hyperactivity disorder when considering whether to vary downward. See Tr. at 12:25-14:24 (Pori). The United States asserted that a departure is not warranted under U.S.S.G. § 5K2.13, because Cramberg voluntarily took methamphetamine. See Tr. at 21:17-22 (Valencia). It contended that Cramberg's drug addiction does not take him out of the heartland of cases. See Tr. at 22:12-20 (Valencia). It noted that Cramberg has done nothing to control his addiction even though he has been using methamphetamine for approximately twenty years. See Tr. at 23:13-18 (Valencia). The Court then denied the requests for downward departure based on diminished capacity and drug addiction. See Tr. at 25:22-27:20 (Court). Cramberg represented that the Addendum to the PSR addressed his objection to the PSR seeking a departure under U.S.S.G. § 5K2.22, which the Court then overruled as moot. See Tr. at 27:25-28:5 (Court, Pori).[2] The United States contended that a sentence of 70-

---

[2] U.S.S.G. § 5K2.22(3) provides: "Drug, alcohol, or gambling dependence or abuse is not a reason to depart downward." U.S.S.G. § 5K2.22(3). U.S.S.G. § 5K2.22 limits its application to "an offense involving a minor victim under section 1201, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code." U.S.S.G. § 5K2.22. The USPO noted this limitation in responding to Cramberg's request for a departure under this guideline, because Cramberg has pled guilty to a crime not covered by this guideline -- specifically a crime under 18 U.S.C. § 922(g)(1) and 924(a)(2). See Addendum to PSR at 4. Accordingly, because Cramberg is no longer pursuing a departure under this guideline and because the guideline does not cover the offense he has committed, the Court will overrule his request for a departure as moot.

months imprisonment would be appropriate for Cramberg's offense. See Tr. at 30:23-21:3 (Valencia).

## LAW REGARDING U.S.S.G. § 5K2.13

U.S.S.G. § 5K2.13 provides the following policy statement:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.
>
> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

U.S.S.G. § 5K2.13. Application note 1 to U.S.S.G. § 5K2.13 provides that, for purposes of this policy statement, "'significantly reduced mental capacity' means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. § 5K2.13 cmt n.1. Diminished capacity is an "encouraged" factor -- a specific factor provided by the Commission "'to aid the court by identifying some of the factors that the Commission has not been able to take into account fully in formulating the guidelines.'" United States v. Neal, 249 F.3d 1251, 1256 (10th Cir. 2001)(citing U.S.S.G. § 5K2.0). Accord United States v. Bush, No. 10-3378, 2012 WL 394572, at *7 (D.N.M. Jan. 23, 2012)(Browning, J.). In the case of an encouraged factor, "the court is authorized to depart if the applicable Guideline does not already take it into account." United States v. Neal, 249 F.3d at 1256. Accord United States v.

Trejo-Lara, No. 07-1456, 2008 WL 2397672, at *2 (D.N.M. Jan. 30, 2008)(Browning, J.).

## ANALYSIS

There being no disputes about the PSR's factual findings, the Court adopts them as its own. The Court will deny the requests contained in the Sentencing Memorandum. Given Cramberg's significant criminal history, which includes several violent offenses, and his continued criminal activity into his thirties and forties, the Court does not believe that his criminal history category over-represents the seriousness of his criminal history or his likelihood to commit crimes in the future. Given that Cramberg voluntarily took drugs in a manner that led to his allegedly diminished capacity, the Court will deny his request for a downward departure under U.S.S.G. § 5K2.13. Because the Court believes that a sentence at the low end of the advisory guideline range is appropriate, the Court will not vary downward on Cramberg's sentence.

**I.    THE COURT CONCLUDES THAT CRAMBERG'S CRIMINAL HISTORY CATEGORY DOES NOT SUBSTANTIALLY OVER-REPRESENT HIS CRIMINAL HISTORY OR HIS LIKELIHOOD OF COMMITTING CRIMES IN THE FUTURE.**

U.S.S.G. § 4A1.3(b)(1) provides: "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1). With a departure under U.S.S.G. § 4A1.3, "[a]s with all departure decisions, the district court should consider all of the factual circumstances that bear upon a defendant's criminal history and likelihood for recidivism." United States v. Caldwell, 219 F.3d 1186, 1192 (10th Cir. 2000).

If there were a long period of time where Cramberg appeared to have abstained from criminal activity, such that this recent offense appeared to be an isolated occurrence, the Court would be more receptive to an argument for a downward departure on his criminal history category.

Nevertheless, Cramberg has a lengthy criminal history that has continued throughout his life, including into his thirties and now his forties. He has a series of felony convictions for violent offenses, including several aggravated assault charges. He has a variety of convictions for felony drug charges, including methamphetamine and heroin offenses. While there was a period of time where he did not receive any new convictions for approximately ten years, see PSR ¶¶ 35-36, at 10, it appears that he continued to engage in activity during that period that resulted in criminal charges, which he successfully had dismissed, see PSR ¶¶ 40-44, at 12-13. If Cramberg had shown signs that he was beginning to abstain from criminal activity, there would be a sounder basis for a departure here. The Court does not believe a criminal history category of IV substantially over-represents seven felony convictions and twelve misdemeanor convictions. Given that Cramberg still has an ongoing methamphetamine problem, the Court does not believe a criminal history category of IV over-represents the likelihood of future criminal activity. Ultimately, the Court believes that Cramberg's circumstances are such that a departure on his criminal history category is not warranted. Even if a departure were appropriate, the Court would use its discretion not to depart in these circumstances. The Court sees many people with serious drug problems as well as a criminal history category at or near IV. Cramberg appears to remain within the heartland of cases that the federal courts and courts in this district see.

## II.     THE COURT WILL DENY CRAMBERG'S REQUEST FOR A DOWNWARD DEPARTURE UNDER U.S.S.G. § 5K2.13.

U.S.S.G. § 5K2.13 provides: "[T]he court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants . . . [or] (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public." U.S.S.G. § 5K2.13. As Cramberg admitted, he was taking

methamphetamine shortly before his arrest for the offense.  See PSR ¶ 70, at 19.  The Court acknowledges that Cramberg appears to have ADHD.  Nevertheless, the USPO represents that, during Cramberg's interview, "[i]t appeared his thoughts were organized, he was able to answer all questions coherently," and "was able to articulate his answers clearly."  PSR ¶ 64, at 19. Furthermore, Cramberg's history of drug abuse is extensive.  Thus, while ADHD may have had some role in his allegedly diminished capacity, the primary cause of any diminished capacity that was present appears to be "the voluntary use of drugs or other intoxicants," thus forbidding a departure under this guideline.  U.S.S.G. § 5K2.13.

Additionally, Cramberg's "criminal history indicates a need to incarcerate the defendant to protect the public."  He has a variety of violent offenses, including multiple charges for aggravated assault.  He has a substantial list of drug offenses.  While it appears there may have been a series of years where Cramberg avoided drug use, the current offense indicates that he has not fully addressed his drug problems.  Consequently, the Court does not believe that a departure under U.S.S.G. § 5K2.13 is appropriate.  Even if a departure were appropriate, the Court would use its discretion not to depart in these circumstances, because Cramberg is too similar to many, if not most, defendants the Court routinely sees.  Unfortunately, the United States' prisons are filled with men who have serious drug problems and have extensive criminal history.  Cramberg's case remains within the heartland of cases that federal courts see.

### III.  THE COURT WILL NOT VARY DOWNWARD ON CRAMBERG'S ADVISORY GUIDELINE SENTENCE.

Other than on the issues of the departure arguments Cramberg has raised, there are no disputes about the PSR's guideline calculation.  The Court adopts the sentencing calculation in the PSR as its own.  A criminal offense level of 23 and a criminal history category of IV results in a

guideline imprisonment range of 70 to 87 months.

Cramberg is a previously convicted felon who was in possession of a firearm. The Court has carefully considered the parties' arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is appropriate for Cramberg's offense. The Court concludes that a sentence at the low end of the advisory guideline range -- 70 months -- is sufficient to reflect the seriousness of this offense. Cramberg's criminal history is extensive, which makes the Court reluctant to vary downward from his guideline sentence. It does not appear he has abstained from criminal history as he has aged, which is relatively uncommon among defendants once they begin to reach the age of forty. His drug problems appear to have aggravated the situation and have likely resulted in his continued commission of crimes. While the Court has received many letters on Cramberg's behalf, they do not give the Court any confidence that Cramberg has come to grips with his serious drug problems. Likewise, many of his past crimes are violent in nature or involve a lack of respect for the law -- such as concealing his identity, aggravated fleeing from a law officer, and resisting arrest. Further, his conduct in this case was troubling, as he was handling a gun near police officers, fled from police officers, and created the need for the use of some physical force to secure his arrest.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 70 months is appropriate to reflect the seriousness of Cramberg's crime and his significant criminal history. Other conditions that the Court will require as part of supervised release will also provide Cramberg with some needed education, training, and care to prevent these problems from reoccurring. This sentence is needed to reflect the seriousness of the offense, promote respect for

the law, provide just punishment, afford adequate deterrence, protect the public, avoid unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflect each of the factors embodied in 18 U.S.C. § 3553(a). Ideally, once Cramberg starts to approach the age of fifty, he will discontinue a life of crime. Nevertheless, given the significant prospects that such an event will not occur, the Court believes that a sentence at the low end of the guidelines is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. The Court believes that, given that this sentence is a substantial one, and that the Court has not applied a downward departure, or a downward variance, the sentence affords adequate deterrence to both Cramberg individually and the public generally. Given Cramberg's history of carrying firearms and committing violent offenses, the Court believes that a guideline sentence will help protect the public. Additionally, because the sentence is within the advisory guideline range, the Court believes that the sentence avoids unwarranted sentencing disparities among similarly situated defendants. While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Cramberg to 70-months imprisonment.

      **IT IS ORDERED** that the requests contained in the Defendant's Sentencing Memorandum,

filed January 17, 2012 (Doc. 41), are denied.

                                                                             
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Louis E. Valencia
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Brian A. Pori
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

      *Attorney for the Defendant*