**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                                   No. CR 10-3244 JB

JAMES CRAMBERG,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Modification of Sentence, filed June 7, 2012 (Doc. 56)("Motion").  The primary issue is whether the Court has authority to modify Defendant James Cramberg's sentence to no longer require him to pay a fine.  The Court will deny the Motion.  Under the circumstances presented, the Court does not have the statutory authority to grant the relief that Cramberg requests.

**PROCEDURAL BACKGROUND**

Cramberg, pursuant to a Plea Agreement, filed October 17, 2011 (Doc. 37), pled guilty to the Indictment, filed December 1, 2010 (Doc. 3), charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being felon in possession of a firearm and ammunition. The parties agree to a 3-level reduction on Cramberg's offense level "so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct."  Plea Agreement ¶ 9, at 4.  Plaintiff United States of America stipulates that it will "recommend the low end of the imprisonment range of the appropriate sentencing guideline."  Plea Agreement ¶ 9, at 5.  Cramberg agrees to waive his right to appeal his "conviction and any sentence and fine within or below the applicable advisory guideline range as determined by the Court."  Plea Agreement at 6.

The United States Probation Office ("USPO") disclosed a PSR for Cramberg on November 22, 2011. In the PSR, the USPO calculates Cramberg's total offense level to be 23. See PSR ¶ 30, at 7. The PSR applies a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2). See PSR ¶ 23, at 6. The PSR includes a 2-level upward adjustment under U.S.S.G. § 2K2.1(b)(4)(a), because the firearm in Cramberg's possession was stolen. See PSR ¶ 24, at 7. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1, based on Cramberg's acceptance of responsibility. See PSR ¶ 29, at 7. The PSR lists his criminal history category as IV, based on 7 criminal history points. See PSR ¶ 37, at 11. The PSR calculates that an offense level of 23 and a criminal history category of IV results in a guideline imprisonment range of 70 to 87 months. See PSR ¶ 85, at 21. The PSR relates the following about Cramberg's financial condition:

> The defendant reported no assets. He reported he owned land in Belen, New Mexico. He had planned on using it to retain an attorney; however, his attorney is appointed and he maintains possession of the property. His mother indicated the property is in her name, but it belongs to the defendant. He could not provide an estimate for the value of the five acres. He indicated he may have liabilities which would include medical bills; however, an Experian credit report on September 10, 2011, revealed no credit information. Further, the defendants is represented by Court appointed counsel.

PSR ¶ 82, at 21. The USPO also states: "Considering the defendant's financial circumstances which include long-term unemployment, no financial assets, no income, a recommendation of a fine appears to be inappropriate and is not feasible." PSR ¶ 83, at 21. The USPO notes that "[t]he maximum fine is $250,000 pursuant to 18 U.S.C. § 3571(b)(3)." PSR ¶ 92, at 22. The USPO relates that the guideline range for a fine "for the instant offense is from $10,000 to $100,000, pursuant to U.S.S.G. § 5E1.2(c)(3)." PSR ¶ 94, at 23.

At the sentencing hearing on February 3, 2012, the Court sentenced Cramberg to 70-months imprisonment and imposed a fine of $10,000.00. See Sentencing Minute Sheet at 1-2, filed

February 3, 2012 (Doc. 44).  At the hearing, the United States asserted that a fine would be appropriate, because Cramberg had some property that he owned that was worth approximately $30,000.00:

> Well, he's got -- you know, I don't know whether the property belongs to his mother, if it's in his mother's name.  But apparently he owns it, and I would think that a fine would be appropriate in this case, Your Honor.  I mean he does have an asset.  If the property is worth $30,000, then obviously it's an asset that Mr. Cramberg has.  And he's getting a free lawyer.

Transcript of Hearing at 32:12-19 (taken February 3, 2012)(Valencia)("Tr.").  The Court stated that Cramberg "does appear to have resources" such that the Court was warranted in "impos[ing] a fine of $10,000.00."  Tr. at 40:24-41:1 (Court).  Cramberg objected to the imposition of a fine on the basis that the property may not be worth $10,000.00 and that it might be difficult to sell the asset to pay the fine.  See Tr. at 43:5-12 (Pori).  Cramberg noted that he would not likely be able to obtain employment following incarceration that would allow him to pay a fine of this amount.  See Tr. at 44:3-9 (Pori).  The United States noted that Cramberg's mother was likely in a position to provide an accurate estimate of the property's value as being worth $30,000.00.  See Tr. at 44:15-45:3 (Valencia).  The Court noted that it has a valuation of the property from Cramberg's mother and that it could find by a preponderance of the evidence that he has the financial ability to pay a fine.  See Tr. at 45:8-21 (Court).  On May 29, 2012, the Court filed its Memorandum Opinion and Order.  See Doc. 54 ("MOO").  In its MOO, the Court stated that Cramberg's sentence was 70 months.  See MOO at 13.

On June 7, 2012, Cramberg filed his Motion seeking a modification of his sentence.  See Doc. 56.  Cramberg asserts that the Court's determination that he was able to pay a fine "was based on a promise by Mr. Cramberg's mother, Rosemary Saiz, to pass some property in Valencia County to Mr. Cramberg upon her death."  Motion at 1.  He asserts that, "[s]ince the entry of the fine in this

-3-

case, Ms. Saiz has relented and decided not to leave the property to Mr. Cramberg upon her death." Motion at 1. Cramberg "respectfully submits that he does not now own the property upon which the court relied to impose a fine and that he no longer has the financial means to pay the fine levied by this Honorable Court." Motion at 1. He asks that the Court "modify the judgment to eliminate the fine imposed based on his inability to pay." Motion at 1. The United States did not file a response to the Motion.

## LAW REGARDING MODIFICATION OF SENTENCES

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Accord United States v. Christy, No. 10-1534, 2012 WL 3150352, at *4-5 (D.N.M. July 16, 2012)(Browning, J.); United States v. Padilla, No. 09-3598, 2012 WL 2175749, at *2 (D.N.M. May 31, 2012)(Browning, J.); United States v. Vigil, No. 05-2051, 2010 WL 2301708, at *3-4 (D.N.M. May 4, 2010)(Browning, J.); United States v. Myers, 375 F.Supp.2d 1293, 1296 (D.N.M. 2005)(Browning, J.). As the United States Court of Appeals for the Tenth Circuit has explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996)(footnote omitted)(citation

omitted).[1]  Rule 35 authorizes a district court to reduce or correct a sentence in certain situations. See Fed. R. Crim. P. 35.  "'[S]entencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c).  Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."[2]  Fed. R. Crim. P. 35(a). The Tenth Circuit has referred to the term sentence as meaning "the punishment imposed." United States v. Wittig, 206 F.App'x 763, 769 (10th Cir. 2006)(unpublished).  "A sentence is formally imposed at the point when the district court announces it from the bench, and not at the point when the written judgment of order and commitment is entered -- meaning that Rule 35's seven-day period runs from the oral imposition of the sentence." United States v. Mendoza, 543 F.3d 1186, 1195 n.7 (10th Cir. 2008)(emphasis in original).  Under subsection (b), a court may reduce a sentence for substantial assistance in certain situations "[u]pon the government's motion." Fed. R. Crim. P. 35(b).

Rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  The Tenth Circuit has held that rule 36 "allows correction of only non-substantive errors, and does not 'give the court authority to substantially modify a Defendant's sentence.'" United States v. Lonjose, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011).  The United States Court of Appeals for the Third Circuit has similarly stated: "[C]ourts and commentators are thus unanimous that Rule 36 may not be used to amend a sentence to include an additional term of imprisonment,

---

[1]Congress has twice amended 18 U.S.C. § 3582, in 1996 and in 2004, since the Tenth Circuit's decision in United States v. Blackwell; however, neither of these amendment substantively affects the Tenth Circuit's analysis.

[2]Amendments that took effect on December 1, 2009, extended the period of time in which a court can correct these "clear" errors from seven days to fourteen days.

fine, or imposition of costs." United States v. Bennett, 423 F.3d at 278. The United States Court of Appeals for the Fifth Circuit has stated that "Rule 36 [is] the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments." United States v. Spencer, 513 F.3d 490, 491 (5th Cir. 2008). The United States Court of Appeals for the Second Circuit has stated that "Rule 36 covers only minor, uncontroversial errors." United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995).

The Third Circuit has explained how rule 36 operates:

> While Rule 36 allows a court to correct clerical errors or errors of oversight or omission "in the record," it only allows correction of clerical errors in the judgment or order. This difference in language is important. While Rule 36 provides a broad mandate to correct a variety of errors in ancillary parts of the record -- the dates of documents, the indictment, etc. -- it provides only a strictly limited authority to correct the court's judgment or order. The judgment of a court, unlike the rest of the court's record, has legal effect; substantive changes to the judgment may normally be made only by appellate review or similar procedures.

United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005)(quoting 26 J. Moore, Moore's Federal Practice ¶ 636.02[3] (3d ed. 2005)). The Tenth Circuit has similarly stated that rule 36 permits the correction of "clerical-type errors" in a judgment. United States v. Blackwell, 81 F.3d at 948. Accord United States v. Vaughan, 119 F.App'x 227, 230 (10th Cir. 2004)(unpublished)("When a judgment and commitment order contains a clerical error, we may remand for correction.").

The Third Circuit has provided the following definition for a clerical error: "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis[3] might commit, mechanical in nature." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987)(quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d

---

[3]An amanuensis is "a literary or artistic assistant, in particular one who takes dictation or copies manuscripts." New Oxford American Dictionary 48 (A. Stevenson & C. Lindberg eds., 3d ed. 2010).

112, 114 (5th Cir. 1982)). The Fifth Circuit has stated, in an unpublished opinion, that, "[w]hile there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment." United States v. Crawley, Nos. 11-60061, 11-60065, 2012 WL 715068, at *2 (5th Cir. Mar. 6, 2012)(unpublished)(citing United States v. Spencer, 513 F.3d at 491).

In United States v. Blackwell, the Tenth Circuit reversed the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. See 81 F.3d at 946. In that case, the defendant, who received an initial sentence of 15 months imprisonment, moved the court for a re-sentencing, because, "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation." Id. The district court held a re-sentencing hearing seventy-two days after the original sentencing, and, at that hearing, reduced the defendant's sentence to "three-years probation, with six-months home detention." Id. at 947. In explaining its authority to modify the defendant's sentence, the district court relied on "two alternative sources of authority . . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed. R. Crim. P. 35." Id.

The Tenth Circuit rejected the district court's reliance on rule 35, rule 36, and its "inherent authority," and concluded that "the court lacked jurisdiction to resentence Defendant." United States v. Blackwell, 81 F.3d at 949. The Tenth Circuit concluded that rule 35(a) did not apply, "because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later." Id. (discussing then rule 35(c)).[4]

---

[4]"Former Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence, is now located in Rule 35(a)." Fed. R. Crim. P. 35 advisory committee's note to 2002

The Tenth Circuit also held that rule 35(b) did not apply: "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence." Id.

## ANALYSIS

The Court does not have statutory authority to modify the fine it imposed on Cramberg under the facts presented. The fine is part of his sentence, or, in other words, the punishment the Court imposed on him. Cramberg has not identified, and the Court has not found, any statutory basis that would permit it to modify his sentence. Absent statutory authority, the Court does not have the authority to modify Cramberg's sentence.

The Tenth Circuit has referred to the term sentence as meaning "the punishment imposed." United States v. Wittig, 206 F.App'x at 769. Various Tenth Circuit cases have referred to a fine that a court imposes on a defendant at sentencing as part of a defendant's punishment. See United States v. Libretti, 37 F.3d 1510, 1994 WL 573940, at *2 (10th Cir. 1994)(unpublished table decision)("Any fine imposed, along with any other sanctions, is to be punitive."); Davidson v. United States, 411 F.2d 75, 77 (10th Cir. 1969)("Appellant contends that the punishment was too severe. The sentences and fines were within the limits of the statutes and are invulnerable here."); United States v. Safeway Stores, Tex., 140 F.2d 834, 839 (10th Cir. 1944)("A fine is a pecuniary punishment imposed by a lawful tribunal upon a person convicted of crime or misdemeanor." (quoting United States v. Mitchell, 163 F. 1014, 1014 (9th Cir. 1908)). Thus, like a modification of Cramberg's term of imprisonment, a modification of Cramberg's fine requires statutory authority.

The Court sentenced Cramberg on February 3, 2012. Cramberg did not file his Motion until

---

amendments.

June 7, 2012. Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." For purposes of rule 35, "'sentencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). The Court sentenced Cramberg over fourteen days ago, and Cramberg did not file his Motion until several months after the Court orally pronounced his sentence. Thus, the Court does not have authority under rule 35(a) to reduce Cramberg's sentence.

Under rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b). Cramberg has made no argument that he has provided substantial assistance to the United States. The Court cannot reduce his sentence under rule 35(b).

A court can also reduce a defendant's sentence "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." United States v. Blackwell, 81 F.3d at 947-48. Cramberg has made no argument that the United States Sentencing Commission has lowered his sentencing range. Thus, the Court has no grounds to reduce his sentence on this basis.

Lastly, Cramberg is not alleging that there was a clerical error in his sentencing process. Rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Tenth Circuit has held that rule 36 "allows correction of only non-substantive errors, and does not 'give the court authority to substantially modify a Defendant's sentence.'" United States v. Lonjose, 663 F.3d at 1299 n.7. Cramberg is asking the Court to change the fine it imposed based

intervening circumstances, and not some inadvertent error that occurred in transcription of his sentence. He is not seeking to correct a clerical error such that rule 36 would permit any relief.

The Court concludes that Cramberg's basis for seeking a reduction in his sentence does not fall within the narrow set of circumstances which Congress has provided for courts to reduce sentences of criminal defendants. Consequently, the Court will deny the Motion.

**IT IS ORDERED** that the Defendant's Motion for Modification of Sentence, filed June 7, 2012 (Doc. 56), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Louis E. Valencia
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Brian A. Pori
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorney for the Defendant*